# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 2 Windrose Way Lenders, LLC | : | |
| Plaintiff, | : | CASE NO. 3:18-cv-01091 (VAB) |
| | : | |
| v. | : | |
| | : | |
| Leonid A. Pollack, | : | |
| Defendant. | : | AUGUST 28, 2018 |

## RULING ON MOTION TO APPOINT COUNSEL

Mr. Pollack seeks appointment of *pro bono* counsel in this action under 28 U.S.C. § 1915. For the reasons set forth below, the motion is **DENIED** without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See*, *e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he or she is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)). 25, 2013 U.S. App. LEXIS 19147, 2013 WL 5183664, at * 3-4 (2d Cir. Sept. 17, 2013). Even if an indigent person has demonstrated that he or she in unable to obtain counsel, the court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989) (citing *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir.1983)). In *Maxwell v. New York University*, the Second Circuit held that the district court "did not abuse its discretion in denying appointed counsel because [plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action." *Maxwell v. New York Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010).

Mr. Pollack has demonstrated an ability to represent himself in federal court. As of August 28, 2018, Mr. Pollack has filed a motion to participate in electronic filing, ECF No. 10, a motion to appoint counsel, ECF No. 12, an answer to the Complaint with affirmative defenses and a counterclaim, ECF No. 22, et al. On July 31, 2018, Mr. Pollack participated in a Rule 26(f) conference with opposing counsel. ECF No. 17. Though Mr. Pollack reiterated his desire for the appointment of counsel at that conference, his attendance at the conference demonstrates an ability to participate in this litigation (e.g., Mr. Pollack can adhere to deadlines, contribute to conferences). See *Maxwell*, 407 F. App'x at 528. Further, the substance of this litigation demonstrates Mr. Pollack's sophistication in complex matters. At issue is a $4,075,000 mortgage, secured from Wells Fargo Bank by Mr. and Mrs. Pollack and guaranteed by Plaintiff in an agreement conceived by The Pollacks. *See* Compl., ECF No. 1 ¶ 6, 10; Answer ECF No. 22 (where Defendant agrees to ¶ 6, 10).

Even if Mr. Pollack was an unsophisticated Defendant who had demonstrably failed to participate in federal litigation, he has not shown that he has made any attempt to obtain counsel. The standard form "Motion for Appointment of Counsel" that Mr. Pollack completed contains a section entitled "Efforts to Obtain an Attorney" and advises movant that "The Court strongly suggests that you contact a minimum of three attorneys." *See* Motion to Appoint Counsel, ECF No. 12 at 4. Mr. Pollack indicates that he has not spoken to any lawyers about his case. This is not sufficient to satisfy the law's requirements in this area. At a minimum, there "must be evidence of a reasonably diligent effort under the circumstances." *Jenkins v. Chemical Bank,* 721 F .2d 876, 880 (2nd Cir. 1983) (internal quotes and citations omitted). In other words, Mr. Pollack must show that he has tried to engage counsel and has been unable to do so.

For the reasons stated above, the motion to appoint counsel, ECF No. 12, is **DENIED**
without prejudice.

**SO ORDERED** this 28th day of August, 2018, at Bridgeport, Connecticut.

<u>/s/ Victor Allen Bolden</u>
Victor A. Bolden
United States District Judge